## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **SHERRY WOOD,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| **v.** | } | **Case No.:  2:24-cv-000112-MHH** |
| | } | |
| **SHELBY COUNTY BOARD OF** | } | |
| **EDUCATION,** *et al.*, | } | |
| | } | |
| **Defendants.** | } | |
| | } | |

### <u>MEMORANDUM OPINION AND ORDER</u>

In this employment action against the Shelby County Board of Education and Dr. Lewis Brooks, in his official capacity as Shelby County's Superintendent of Education, plaintiff Sherry Wood alleges that the defendants violated that Uniformed Services Employment and Reemployment Rights Act – USERRA – because the defendants did not pay her in accordance with the Board's veteran compensation policy.  (Doc. 1).  The Board and Dr. Brooks seek dismissal of this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure; the defendants contend that Ms. Wood has not stated a viable USSERA claim.   (Doc. 4, p. 1).[1]

---

[1] In a footnote in the defendants' motion to dismiss, Dr. Brooks also moves for dismissal based on state-agent immunity.  (Doc. 4, p. 2 n.1).  Dr. Brooks did not develop the merits of this defense in the motion to dismiss or in the reply to Ms. Wood's opposition to the defendants' motion to dismiss.  (Docs. 4, 8).  Therefore, the Court does not address the immunity defense in this opinion.

Rule 12(b)(6) enables a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In deciding a Rule12(b)(6) motion to dismiss, a district court must view the allegations in a complaint in the light most favorable to the non-moving party.  *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).  A district court must accept well-pled facts as true. *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000).  Therefore, in deciding the defendants' motion to dismiss, the Court views Ms. Wood's allegations in her complaint in the light most favorable to her.

## BACKGROUND

Ms. Wood, a military veteran, worked for the Board from 2004 to 2014.  (Doc. 1, p. 4, ¶ 13).  When the Board hired Ms. Wood in 2004, the Board had notice that she was a retired veteran.  (Doc. 1, p. 4, ¶ 14).  When the Board hired Ms. Wood, the Board had a policy or practice of giving veterans a four-step salary increase.  (Doc. 1, p. 4, ¶ 15).  Non-military employees did not qualify for this compensation benefit.  (Doc. 1, p. 4, ¶ 15).  Ms. Wood learned of this policy in 2023, nine years after her employment with the Board ended.  (Doc. 1, p. 4, ¶ 16).  Ms. Wood contacted the Board in 2023 and stated that she should have received the four-step increase while she worked for the Board.  (Doc. 1, p. 4–5, ¶ 17).  The Board has not paid Ms. Wood the difference between the salary she received and the salary the Board would have paid her with a four-step increase.  (Doc. 1, p. 4–5, ¶ 19).

## DISCUSSION

Congress enacted USERRA "to encourage noncareer service in the uniformed services by eliminating or minimizing the disadvantages to civilian careers and employment which can result from such service" and "to minimize the disruption to the lives of persons performing service in the uniformed services as well as to their employers." 38 U.S.C. § 4301(a)(1)–(2). USERRA protects individuals who serve in the armed services by prohibiting employers from denying these individual "any benefit of employment . . . on the basis of" that service. 38 U.S.C. § 4311(a). An employer violates USERRA when an employee's membership in the armed services "is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership." 38 U.S.C. § 4311(c)(1). A plaintiff must show by a preponderance of the evidence that his or her protected status was a "motivating factor" in the employer's adverse employment decision. *Coffman v. Chugach Support Serv., Inc.*, 411 F.3d 1231, 1234 (11th Cir. 2005) (superseded by statute on other grounds as recognized in *Thomas v. Broward Cnty. Sheriff's Office*, 71 F.4th 1305, 1312 (11th Cir. 2023)).

"While the Eleventh Circuit has not directly addressed the issue presented here, other circuits have held that USERRA does not cover benefits that are available only to military-affiliated employees." *Sorenson v. Delta Air Lines, Inc.*, 667 F. Supp. 3d 1289, 1312 (N.D. Ga. 2023) (citation omitted) (granting summary

3

judgment for the defendants because a profit sharing plan was not a "benefit of employment" under USERRA when the plan was available only to employees who took military leaves of absence); *see, e.g., Gross v. PPG Indus., Inc.*, 636 F.3d 884, 890 (7th Cir. 2011) ("[W]e ultimately concluded that such an interpretation made sense in light of § 4311's anti-discrimination purpose, which serves to protect military employees from discrimination, not provide them with preferential treatment."); *Crews v. City of Mt. Vernon*, 567 F.3d 860 (7th Cir. 2009) (explaining that a claim for discrimination for the removal of a benefit only conferred on servicemember employees is not available under USSERA); *Case v. Judd*, Case No. 8:19-cv-607-T-33TGW, 2019 WL 10966204, at *3 (M.D. Fla. Oct. 23, 2019) ("[W]hile USERRA requires employers to treat servicemembers equally with respect to other employees, it does not require preferential treatment.").

The Seventh Circuit's decision in *Crews* is instructive.[2]  Mr. Crews was a member of the Army National Guard and worked as a full-time police officer. *Crews*, 567 F.3d at 862.  He had to attend weekend military training once each month. *Crews*, 567 F.3d at 862.  Under a collective bargaining agreement, the police

---

[2] In *Crews*, the Seventh Circuit analyzed a USERRA claim under §§ 4311 and 4316. *See* 567 F.3d at 865–66 ("While we agree with the Fifth Circuit's analysis, it would be premature to conclude that only § 4316(b)(1) governs this case and that *Rogers* forecloses Crews's USERRA claim. The remedies provided by §§ 4311 and 4316 are not necessarily mutually exclusive, and factual distinctions between *Rogers* and this case require us to examine whether Crews has a viable claim under §4311.").  Only the § 4311 analysis is relevant here because Ms. Wood has not asserted a claim under § 4316. *See* 38 U.S.C. § 4316 ("Rights, benefits, and obligations of persons absent from employment for service in a uniformed service").

department that employed Mr. Crews set officers' work schedules and allotted time off. *Crews*, 567 F.3d at 862. Historically, the department granted employees serving in the military leave to attend weekend military training. *Crews*, 567 F.3d at 862. The department allowed employees who used leave to participate in military training to allocate accrued vacation days, personal days, and compensatory time off to the days missed for weekend training so that the employees could receive their income from the city and from the military for time dedicated to military training. *Crews*, 567 F.3d at 862. The department also allowed officers who served in a military reserve unit to reschedule work shifts assigned during a military training weekend. *Crews*, 567 F.3d at 863. The department did not offer comparable benefits to officers who did not serve in the military. *Crews*, 567 F.3d at 863.

When the department rescinded those military training benefits, Mr. Crews sued the department and its supervisors under USERRA. *Crews*, 567 F.3d at 863. Mr. Crews alleged that the department violated 38 U.S.C. § 4311 when it denied him a benefit of employment previously available to service members. *Crews*, 567 F.3d at 863. According to Mr. Crews, although USERRA did not require the department to establish the policy at issue, the enacted policy triggered USERRA's protections. *Crews*, 567 F.3d at 865–66. The district court granted summary judgment for the police department, and the Seventh Circuit affirmed. *Crews*, 567 F.3d at 864–68.

The Seventh Circuit noted that § 4311 prohibits an employer from denying to a service member "any benefit of employment . . . on the basis of" military service and explained that "the 'benefit of employment' referenced in § 4311(a) is one provided to both military and nonmilitary employees." *Crews*, 567 F.3d at 866 (italics omitted). The Seventh Circuit noted that § 4311 is titled "Discrimination against persons who serve in the uniformed services and acts of reprisal prohibited." *Crews*, 567 F.3d at 866; *see* 38 U.S.C. § 4311. Citing decisions from the First, Fourth, and Seventh Circuits, the Seventh Circuit stated: "courts have indicated that the statute reaches only discriminatory employment actions that provide military employees with fewer benefits" than their non-military colleagues. *Crews*, 567 F.3d at 866. Applying this principle, the Court of Appeals held that the city's decision to terminate benefits the city offered exclusively to service members did not violate USSERA. *Crews*, 567 F.3d at 866. The Seventh Circuit explained:

> Given the anti-discriminatory purpose of § 4311, the Department's decision in this case to provide equal work scheduling benefits to all employees does not violate USERRA. The preferential work scheduling policy that the Department previously extended to Guard employees was not a "benefit of employment" within the meaning of § 4311(a), as this benefit was not one generally available to all employees. It follows that the Department's rescission of that policy could not be a 'denial' of any 'benefit of employment' actionable under § 4311(a).

*Crews*, 567 F.3d at 866.

6

The Seventh Circuit recognized that provisions in USERRA other than §
4311(a) provide to service members rights that are not available to non-military
civilian employees, such as the right to have civilian employers count military
service toward service member employees' pension benefits. *Crews*, 567 F.3d at
867. These rights "encourage[] military service," but the rights "'establish[] a floor,
not a ceiling for the employment and reemployment rights and benefits of those it
protects, such that an employer may provide greater rights and benefits than
USERRA requires.'" *Crews*, 567 F.3d at 867 (quoting 20 C.F.R. § 1002.7(a)). An
employer's decision to discontinue benefits provided only to military service
members does not violate USSERA. *Crews*, 567 F.3d at 867.

Per *Crews*, to state a USSERA claim in this case under § 4311(a), Ms. Wood
would have to allege that the Board paid non-military teachers more than teachers
who served in reserve units because of the military teachers' status as service
members. A USSERA claim cannot rest on the theory that a service member was
entitled to more favorable terms of employment that non-service members. *Crews*,
567 F.3d at 867. The withholding of a perk available to an employee based on her
military service does not amount to discrimination prohibited by § 4311(a). *See
Sorenson*, 667 F. Supp. 3d at 1312.

Ms. Wood alleges that the Board deprived her of a benefit of employment that
the Board "agreed to pay all USSERA qualified employees," meaning all service

member employees.  (Doc. 1, p. 6, ¶ 24).  The Board's alleged failure to treat Ms. Wood similarly to other service member employees does not give rise to a USSERA claim for discrimination in the terms of employment under § 4311(a).

## CONCLUSION

For the reasons stated, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court grants the defendants' motion to dismiss this action for failure to state a claim under USSERA.  The Clerk of Court shall please TERM Doc. 4.

**DONE** and **ORDERED** this March 25, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE